UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT JAMES KEATON,

    Plaintiff,

v.                                                                  Case No. 4:19cv25-RH-HTC

MARK S. INCH,[1] et al.,

    Defendants.

_____/

ORDER AND
REPORT AND RECOMMENDATION

    This matter is before the Court *sua sponte* regarding an amended civil rights complaint under 42 U.S.C. § 1983 filed by Plaintiff, Robert James Keaton, a prisoner proceeding *pro se* and *in forma pauperis*. ECF Doc. 17. Previously, the Court informed Plaintiff of the deficiencies of his original complaint and, recognizing Plaintiff's *pro se* status, instructed Plaintiff to either voluntarily dismiss his case or file an amended complaint which fixed the deficiencies in the original complaint. ECF Doc. 11. The Plaintiff filed an amended complaint, but the undersigned has screened the amended complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)

---

[1] Mark S. Inch succeeded Julie Jones as Secretary of the Florida Department of Corrections and is automatically substituted as the Defendant. *See* Fed. R. Civ. P. 25(d). The clerk is directed to update the case file information to reflect Mark S. Inch as the Defendant.

and respectfully recommends that certain of Plaintiff's claims be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim on which relief may be granted.

## I. Background

The Court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). Plaintiff sues the Secretary of the Florida Department of Corrections ("FDOC"), the Warden of Wakulla Correctional Institution ("Wakulla CI"), and eight (8) correctional officers at Wakulla CI for violating his rights under the Eighth Amendment. ECF Doc. 17 at 9-10.

On the afternoon of May 3, 2018, Plaintiff and Defendant Thomas became involved in a dispute over an item that Plaintiff placed in the window of his cell. *Id.* at 4-5. Plaintiff claims that "at no point did plaintiff exhibit any self-injurious behavior, nor did he attempt to destroy any state property or equipment." *Id.* at 5. Nevertheless, Defendant Thomas ordered staff to remove all property from Plaintiff's cell, and staff complied with this order, leaving only a state issued mattress and pillow in Plaintiff's cell. *Id.* Defendant Thomas then personally removed the state issued mattress and pillow, leaving Plaintiff's cell completely empty. *Id.* Plaintiff alleges that "staff" then ordered him to strip down to his boxers,

which he did. *Id.* Plaintiff was then placed back in his cell wearing only boxers. *Id.* Plaintiff further alleges that Defendant Marchant (acting duty warden at the time of incident) and Defendant Noles (a colonel at Wakulla CI) authorized this property restriction with specific provisions that Plaintiff not have pillow, mattress, blanket, sheets or clothing other than boxers for 72 hours. *Id.* at 5-6.

Plaintiff admits that his dormitory is climate controlled but complained that "[t]he lack of heat in the cell was 'severe' enough that it produced physical discomfort for plaintiff." *Id.* at 6. This caused Plaintiff to continuously tremble, which subsequently deprived plaintiff of sleep. *Id.* On May 6, 2018, between 1 A.M. and 3 A.M., Plaintiff went into an epileptic seizure while asleep on the floor. *Id.* at 6. The inmate housed in the cell next to Plaintiff began to kick on his cell door because, during the seizure, he heard and felt Plaintiff hitting his head and face on the footlocker which is attached to the bunk closest to the door. *Id.* Plaintiff was taken to medical in a wheelchair, was examined and returned to his cell, and was told that his anti-seizure medication (Dilantin) would be arriving shortly. *Id.* at 6-7.

Plaintiff complained of eye problems at several sick calls and was eventually taken to an ophthalmologist on May 24, 2018. *Id.* at 7. Plaintiff alleges that the ophthalmologist "confirmed that the plaintiff had suffered a 'detached retina' due to him banging his left eye against the footlocker during his epileptic seizure on May

6, 2018." *Id.* Plaintiff received surgery on his eye on June 4, 2018, and was returned to his dormitory on June 14, 2018. *Id.*

Plaintiff claims that within five (5) minutes of returning to his dormitory "a reactionary use of force was utilized on him." *Id.* Plaintiff admits that the use of force was due to "Plaintiff declaring a medical emergency and sitting on the ground. When plaintiff did not get up, defendant Anthony dove on top of plaintiff." *Id.* After this, plaintiff was dragged thirty to forty feet to the holding cell. *Id.* at 8. Plaintiff alleges that, once inside, he "was kicked in his surgically repaired eye,[2] had his head hit several times on the steel bench inside of the holding cell, and defendant's Thomas and Anthony repeatedly slammed the steel holding cell door against plaintiff's legs." *Id.* Plaintiff admits, however, that guards hit his legs with the steel doors because "he failed to move them." *Id.*

Plaintiff was re-examined by the ophthalmologist on August 2, 2018, for a follow-up on his left eye and was allegedly informed that "since he had such a 'big' retinal tear, he would most likely never regain any vision in this eye." *Id.* Plaintiff's only allegations against the Secretary and Warden are that he filed grievances concerning Defendant Thomas "prior to and after these events, however, defendant's Jones and Coker ignored plaintiff's grievances by not reprimanding defendant

---

[2] In his original complaint, which he certified as true under penalty of perjury, ECF Doc. 1 at 18, he alleged that he was "***inadvertently*** kicked in his surgically repaired eye, and had his head hit several times on the steel bench inside of the holding cell." *Id.* at ¶ 53 (emphasis added).

Case No. 4:19cv25-RH-HTC

Thomas or the other Defendants in this cause of action to deter their subordinates from doing these acts in the future." *Id.* at 9.

## II. Analysis

Plaintiff placed the Defendants into four groups in the "Statement of Claims" section of his amended complaint, alleging that Defendants in each group imposed "the unnecessary and wanton infliction of pain in violation of the 8th Amendment of the United States Constitution thereby causing plaintiff pain, suffering, physical injury, and emotional distress": (1) Defendants Marchant, Noles, and Thomas did so by "depriving the plaintiff of basic human needs while housed in confinement, without penological justification"; (2) Defendants Strawn, Dawsey, and Jackson did so by having "knowledge that plaintiff was being deprived of basic human needs but failed to take reasonable measures to abate these conditions"; (3) Defendants Thomas and Anthony did so "in using physical force against the plaintiff without need or provocation … maliciously and sadistically"; and (4) Defendants Secretary Jones and Warden Coker did so by "failing to take disciplinary action to curb the known pattern of abuse by defendant Thomas that they had knowledge of via grievances." *Id.*

Because Plaintiff is a prisoner and is also proceeding *pro se*, the Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or

fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's " 'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Iqbal*, 556 U.S. at 679)).

Claims of excessive force by prison officials fall under the Eighth Amendment's proscription against cruel and unusual punishment. The standard applied to Eighth Amendment claims has a subjective and an objective component.

As to the objective component, "not every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Hudson*, 503 U.S. at 9 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 10 (citation omitted). Accordingly, the Eleventh Circuit requires that the plaintiff suffer more than a *de minimis* injury to establish an Eighth Amendment violation, although courts must remain mindful of the fact that a significant injury is not required. *See Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002).

Under the subjective component, to sustain an Eighth Amendment challenge it must be shown that prison officials' actions amounted to an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "Force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm.'" *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quoting *Whitley*, 475 U.S. at 320-21). In determining whether an application of force was applied

maliciously and sadistically to cause harm, a variety of factors are considered including these five: "the need for the application of force; the relationship between that need and the amount of force used; the extent of the threat to the safety of staff and inmates, as reasonably perceived by officials; the extent of injury; and any efforts made to temper the severity of the response." *Hudson*, 503 U.S. at 7-8; *see also Whitley*, 475 U.S. at 321; *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321 (quoting *Johnson*, 481 F.2d at 1033). Although the absence of serious injury is relevant to an excessive force claim, the core judicial inquiry is not whether a quantum of injury was sustained but rather whether force was applied in a good-faith effort to maintain or restore discipline or whether it was applied maliciously and sadistically to cause harm. *See Wilkins*, 559 U.S. at 37; *see also Hudson*, 503 U.S. at 4.

Here Plaintiff alleges two instances of the unnecessary and wanton infliction of suffering. The first is when he was deprived of clothing and bedding, including a mattress and pillow, which resulted in him sleeping on the floor in just his boxers. This claim fails both the objective and subjective components of an Eighth Amendment claim. As noted above, Plaintiff first must allege that the conduct of

the Defendant "caused" a discernible injury that is more than *de minimis*. *Hudson*, 503 U.S. at 9 (quoting *Johnson*, 481 F.2d at 1033); *Johnson*, 280 F.3d at 1321. When Plaintiff's claim involves a condition of his confinement like having to sleep without bedding, the challenged condition must be "extreme." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson*, 503 U.S. at 9). While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35.

Here, Plaintiff admits that his cell was climate controlled, ECF Doc. 17 at ¶ 14, and that the only direct effects of sleeping on the floor were "discomfort" and "continuous[] trembling." *Id.* at ¶ 15. While Plaintiff describes an epileptic seizure occurring on the third day of the property restriction, he does not offer any factual allegations that the property restriction caused the seizure or the ensuing injury to his eye. Thus, although a "tragic event" occurred, *see Helling*, 509 U.S. at 33, Plaintiff does not include allegations sufficient to allow a factfinder to conclude that the event — the seizure resulting in eye injury — was proximately caused by the deprivation of the bedding and clothing. In the words of *Helling*, Plaintiff has not alleged that the deprivation of the bedding and clothing "posed an unreasonable risk of serious damage to his future health" or safety, *id.* at 35.

Also, for similar reasons, Plaintiff fails to establish the subjective component of his claim by failing to make any factual allegations showing the prison officials were aware that the property restriction would cause a seizure or the resultant eye injury. "Only a conscious disregard for the prisoner's rights that constitutes serious misconduct is actionable under § 1983." *Miles v. Jones*, No. 08-20612-CIV, 2010 WL 5574324, at *6 (S.D. Fla. Nov. 22, 2010) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Byrd v. Clark*, 783 F.2d 1002, 1006 (11th Cir. 1986); *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1572 (11th Cir. 1985). It is too far a stretch to assume from Plaintiff's allegations that Defendants were aware that depriving an inmate of bedding and clothing in a climate-controlled cell would result in an epileptic seizure and that the seizure would then result in a retinal detachment. Simple negligence does not violate the Eighth Amendment. *Byrd v. Clark*, 783 F.2d 1002, 1006 (11th Cir.1986). Therefore, the undersigned finds that Plaintiff's claims regarding the property restriction also fail to establish the subjective component of an Eighth Amendment claim. *See Whitley*, 475 U.S. at 321. Accordingly, the undersigned recommends dismissal of Plaintiff's claims against Defendants Marchant, Noles, Thomas, Strawn and Dawsey based on the property restriction.

Plaintiff also asserts that Defendants Thomas and Anthony used excessive force against him when he returned to his dormitory on June 14, 2018. After screening the excessive force claim, the Court finds that those claims against

Defendants Thomas and Anthony and Defendants Secretary Jones and Warden Coker can be served. Plaintiff is not responsible for the costs of service, as he is proceeding *in forma pauperis*. Plaintiff is responsible, however, for providing the Court with four (4) service copies of his amended complaint (ECF Doc. 17). The service copies must be identical to the amended complaint filed with the Court. Upon receipt of the service copies, the undersigned will direct the United States Marshals Service to serve the Defendants.

### III. Conclusion

Accordingly, it is ORDERED:

1. Within **thirty (30) days** from the date of this order, Plaintiff shall submit to the Court four (4) service copies of his amended complaint (ECF Doc. 17). The service copies must be identical to the amended complaint filed with the Court. This case number should be written on each of the copies.

2. Failure to submit the service copies as instructed may result in a recommendation that this case be dismissed due to Plaintiff's failure to prosecute or failure to comply with an order of the Court.

It is also respectfully RECOMMENDED:

1. That Plaintiff's claim against Defendants Marchant, Noles, and Thomas for depriving him of basic human needs in violation of the Eighth Amendment be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and §

1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim on which relief may be granted.

2.  That Plaintiff's claim against Defendants Strawn, Dawsey and Jackson for failing to intervene in his being deprived of basic human needs in violation of the Eighth Amendment be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim on which relief may be granted.

3.  That the clerk terminate Strawn, Dawsey, Jackson, Marchant and Noles as Defendants.

At Pensacola, Florida, this 16th day of July, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.