**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

ROBERT JAMES KEATON,

      Plaintiff,

v.                                     CASE NO.  4:19cv25-RH-HTC

MARK S. INCH et al.,

      Defendants.

_____/

**ORDER DISMISSING THE CLAIMS
AGAINST THE SECRETARY**

This is a prisoner civil-rights case. The plaintiff Robert James Keaton alleges he was placed in a cell with no mattress and no clothing other than boxers for nearly three days, until he had an epileptic seizure. Mr. Keaton alleges he suffered a detached retina from involuntarily banging his head on a foot locker during the seizure. He alleges he had surgery nearly a month later and returned to his dormitory 10 days after the surgery. He says he was promptly beaten by officers for no legitimate reason. He filed this action against officers involved in the removal of his mattress and clothing and in the unnecessary use of force, as

well as against the warden of the facility and the Secretary of the Department of Corrections.

The case is before the court on the magistrate judge's report and recommendation, which sets out the results of the screening required by 28 U.S.C. § 1915A. This order accepts the recommendation in part and dismisses the claims against the Secretary. This order does not dismiss the claims against the other defendants.

A correctional officer acts unconstitutionally by beating a prisoner for no legitimate reason, regardless of the extent of injury the prisoner suffers. A de minimis use of force is not actionable, but a substantial use of unnecessary force for the purpose of inflicting pain, not for a legitimate reason, is actionable even when it results in only de minimis injury. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010); *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). As the report and recommendation correctly concludes, Mr. Keaton's allegation that he was unnecessarily beaten is sufficient to state a claim on which relief can be granted.

Mr. Keaton's allegation that he was required to sleep on the floor and deprived of clothing, without a legitimate reason, is also sufficient to state a claim on which relief can be granted. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972); *Maxwell v. Mason*, 668 F.2d 361, 363 (8th Cir. 1981); *McCray v. Burrell*, 516 F.2d 357, 369 (4th Cir. 1975). *Haines* is frequently cited for the proposition that pro se

pleadings are held to less stringent standards, but the case is also relevant here for another reason: Mr. Haines, like Mr. Keaton, alleged he was required to sleep on the floor.

Mr. Keaton may or may not be able to prove his allegations. He may have suffered no constitutional violation at all. But his claims cannot be rejected at the screening stage, except against the Secretary.

IT IS ORDERED:

1. The report and recommendation is accepted in part.

2. The claims against the defendant Secretary of the Department of Corrections are dismissed. The claims against the other defendants are not dismissed.

3. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on August 22, 2019.

s/Robert L. Hinkle
United States District Judge